UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| EDWIN L. RESO, for the use and benefit of THE ARTISAN INTERNATIONAL FUND, THE ARTISAN INTERNATIONAL VALUE FUND and THE ARTISAN MID CAP VALUE FUND,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARTISAN PARTNERS LIMITED PARTNERSHIP,<br><br>        Defendant. | Case No. 2:11-cv-00873-JPS |

## RENEWED MOTION TO DISMISS

Defendant Artisan Partners Limited Partnership ("APLP"), by its undersigned counsel, respectfully moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the entry of an Order dismissing the Complaint of Plaintiff Edwin L. Reso for failure to state a claim upon which relief can be granted under Section 36(b) of the Investment Company Act of 1940 (the "ICA"), as amended, 15 U.S.C. § 80a-35(b) ("Section 36(b)").

In support of its Renewed Motion,[1] APLP states as follows:

1.      The Complaint purports to assert a claim that APLP has breached its fiduciary duty under Section 36(b) with respect to its receipt of compensation from Artisan International Fund, Artisan International Value Fund, and Artisan Mid Cap Value Fund (each a "Fund," and

---

[1] Reso filed his Complaint in the United States District Court for the Northern District of California. APLP timely filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), together with a Motion to Transfer Venue to this Court pursuant to 28 U.S.C. § 1404(a). Reso subsequently stipulated to the transfer of the action to this Court, and after the stipulation was approved and the action was transferred, the parties jointly moved the Court to set a schedule for the filing and briefing of this Renewed Motion to Dismiss the Complaint. The Court granted that Motion by Order entered October 4, 2011.

together, the "Funds"). APLP serves as the investment adviser to the Funds and provides services necessary to the operation of the Funds, for which it receives a fee.

2. In its recent decision in *Jones v. Harris Assocs. L.P.*, 130 S. Ct. 1418 (2010), the United States Supreme Court adopted a stringent test for liability under Section 36(b): "to face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." 130 S. Ct. at 1426. In so ruling, the Court approved as "correct in its basic formulation of what § 36(b) requires" the standard articulated by the Second Circuit in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982), which established a non-exclusive list of six factors that the courts may consider in making the determination of whether an advisory fee is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining. Those six factors are: (1) the nature and quality of the services provided to the fund and its shareholders; (2) the profitability to the adviser of its relationship with the fund; (3) "fall-out" benefits to the adviser; (4) whether economies of scale achieved by a mutual fund are shared with fund investors; (5) comparative fee structures; and (6) the independence, expertise, and conscientiousness of the disinterested members of the board in evaluating the advisory fee. *Gartenberg*, 694 F.2d at 929-32.

3. The Complaint in this case contains a lengthy exposition of perceived deficiencies in the mutual fund industry in general, quoting views of industry critics and commentators, but contains little pertaining specifically to APLP and the Funds for which APLP has served as investment adviser. Those few allegations that are directed to APLP and the Funds fall far short of pleading a claim that is plausible on its face under the standard articulated in *Gartenberg* and

adopted by the Supreme Court in *Jones*. The Complaint therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

4. In further support of this Motion, APLP respectfully refers the Court to its Memorandum of Law submitted herewith.

WHEREFORE, for the reasons set forth herein and in the aforementioned Memorandum of Law, Defendant Artisan Partners Limited Partnership respectfully requests that the Court enter an Order dismissing the Complaint of Plaintiff Edwin L. Reso with prejudice, and awarding APLP its costs of suit and such other relief as the Court deems just and proper.

Dated: October 7, 2011

Respectfully submitted,

ARTISAN PARTNERS LIMITED PARTNERSHIP

By: /s/ John W. Rotunno
John W. Rotunno (SBN IL/02405342)
john.rotunno@klgates.com
Paul J. Walsen (SBN IL/6226318)
paul.walsen@klgates.com
Joseph C. Wylie II (SBN IL/6270852)
joseph.wylie@klgates.com
Molly K. McGinley (SBN IL/6285809)
molly.mcginley@klgates.com
K&L GATES LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602
Telephone: 312.807.4244
Facsimile: 312.827.1278

        Daniel E. Conley (SBN/1009443)
        daniel.conley@quarles.com
        Joseph O. Wilson (SBN/1052468)
        joe.wilson@quarles.com
        QUARLES & BRADY LLP
        411 East Wisconsin Avenue
        Milwaukee, Wisconsin 53202
        Telephone: 414.277.5609
        Facsimile: 414.978.8609

        ***Attorneys for Defendant Artisan Partners Limited Partnership***