# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| EDWIN L. RESO, for the use and benefit of THE ARTISAN INTERNATIONAL FUND, THE ARTISAN INTERNATIONAL VALUE FUND and THE ARTISAN MID CAP VALUE FUND, <br><br> Plaintiff, <br><br> vs. <br><br> ARTISAN PARTNERS LIMITED PARTNERSHIP, <br><br> Defendant. | Case No. 2:11-cv-00873-JPS |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Artisan Partners Limited Partnership ("APLP"), by its undersigned counsel, hereby respectfully submits this Memorandum in support of its Motion to File Under Seal Documents Relating to Defendant's Motion for Summary Judgment.

## INTRODUCTION

Pursuant to General Local Rule 79(d) of the United States District Court for the Eastern District of Wisconsin, and in accordance with the protective order entered in this case on November 8, 2011, APLP respectfully requests that the Court grant leave to file certain documents under seal, some in their entirety and some only as to limited portions. Certain Exhibits to the Declaration of Joseph C. Wylie II (hereinafter the "Fully Confidential Documents") are confidential in their entirety or contain so much confidential information that the confidential information therein cannot reasonably be segregated from any non-confidential information. Other documents – portions of APLP's Memorandum in Support of its Motion for

Summary Judgment ("Memorandum"), its Statement of Undisputed Facts, and certain other Exhibits to the Declaration of Joseph C. Wylie II (hereinafter the "Partially Confidential Documents") – contain confidential information that can be segregated from non-confidential information and therefore will have limited passages redacted with leave of Court.[1]  In accordance with Local Rule 79(d)(5), APLP has simultaneously electronically filed redacted versions of the Fully Confidential Documents and the Partially Confidential Documents.

The Fully Confidential Documents are primarily financial reports and other business, legal and operational presentations to the board of directors of Artisan Partners Funds, Inc. (the "APFI Board") in connection with the Board's statutory approval of advisory agreements for each of the twelve mutual funds offered by Artisan Partners Funds, Inc., including the three mutual funds at issue in this case (Artisan International Fund, Artisan International Value Fund, and Artisan Mid Cap Value Fund (collectively, the "Funds")), as well as certain minutes of meetings of the APFI Board.  The Fully Confidential Documents contain information concerning the profitability, employee compensation structure, revenues, costs of operation, and business strategies and methods of APLP.  The Fully Confidential Documents were created internally with the intention and expectation that they would remain confidential and inaccessible to the public and, in particular, competitors of APLP.  (*See* Declaration of Janet D. Olsen, hereinafter Olsen Decl. ¶¶ 5-7)

The material that has been redacted from the Partially Confidential Documents constitutes confidential and proprietary data and information similar to that contained in the Fully Confidential Documents, including discussion and analysis of confidential and highly sensitive financial and business information relating to APLP. (Olsen Decl. ¶ 8).

---

[1] A chart listing the confidential treatment, if any, requested for each exhibit to the Wylie Declaration is attached hereto as Exhibit 1.

By joint motion filed on October 21, 2011, the parties stipulated that such information could be protected from disclosure. (Dkt. No. 69) By Order entered on November 8, 2011, the Court recognized the private nature of the proposed confidential information, stating that "[b]oth parties are dealing with the financial materials of individual customers; additionally, the defendant, Artisan Partners, manages a mutual fund and discovery will likely involve the production of proprietary documents related to Artisan's business decisions." (See Dkt. No. 77, at ¶¶ 2, 3, 11) All of the information that APLP now seeks to file under seal was designated "CONFIDENTIAL," pursuant to the Court's order, at the time it was produced by APLP, and Plaintiff has not challenged the confidential designations of the information.

Disclosure of the information contained in the Fully Confidential Documents and the redacted portions of the Partially Confidential Documents would place APLP at a severe competitive disadvantage in the already highly-competitive investment management industry. (Olsen Decl. ¶¶ 4-7) Information pertaining to the profitability, employee compensation structure, revenues, costs of operation, and business strategies and methods of APLP constitute proprietary and confidential business information which should not be subject to public disclosure. (*Id.* at ¶¶ 3-7) Accordingly, pursuant to Local Rule 79(d) and the Protective Order entered by this Court on November 8, 2011 (Doc. No. 77), good cause exists to allow APLP to protect its proprietary confidential information and file the documents and portions of documents identified herein under seal.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade

secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also Standard Process, Inc. v. Total Health Discount, Inc.*, 559 F. Supp. 2d 932, 943-46 (E.D. Wis. 2008) (denying motion to remove confidentiality designation and granting motion to file under seal after concluding that a client account list was confidential where producing party had taken reasonable steps to preserve its confidentiality). A motion to seal pleadings or documents submitted to the court may be granted upon a showing of good cause by the movant. *See Standard Process*, 559 F. Supp. 2d at 944. "Good cause may be established by showing that particular information amounts to a trade secret such that disclosure would put the holder at a competitive disadvantage if made public." *JamSports and Entmt., LLC v. Paradama Prod., Inc.*, 2005 WL 14917, at *2 (N.D. Ill. Jan. 3, 2005) (granting motion to file under seal business plans and projections, expense and revenue data and a confidential agreement with a third party).

In this case, good cause exists to maintain the Fully Confidential Documents and the material redacted from the Partially Confidential Documents under seal. The information APLP seeks to file under seal discloses the confidential and proprietary revenues, profitability, pricing, expenses (including compensation) and business and investment strategies of APLP. (Olsen Decl. ¶ 3, 5-7, 9) This type of information consistently is deemed "confidential" by courts and the proper subject of a motion to seal. *See Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *5 (D.N.J. July 18, 2007) (profit margins are subject to protection because "it is in the best interest of corporations to keep cost and profit information sealed from the public and their competitors, to ensure their competitiveness in the marketplace"); *see also Am. Home Assurance Co. v. Merck & Co.*, No. 03-3850, 2004 WL

2222148, at *2 (S.D.N.Y. Oct. 4, 2004) ("In a competitive industry, costs of production and profit margin are confidential information, potentially subject to a protective order.").

The Supreme Court has recognized the importance of restricting public access to documents constituting "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Carter v. Welles-Bowen Realty, Inc.*, 68 F.3d 790, 791 (6th Cir. 2010) (granting motion to file "confidential financial information" under seal). Courts also have deemed materials disclosing business strategies and methods to be confidential, concluding that there is a "compelling reason to guard against their disclosure." *In re W. States Wholesale Natural Gas Antitrust Litg.*, No. 2:03-cv-01431-PMP-PAL, 2:07-cv-01019-PMP-PAL, 2008 WL 4225454, at *2 (D. Nev. Sept. 9, 2008) (granting party's request to seal minutes from board of directors meeting containing confidential business information); *Weaver v. Gross*, 107 F.R.D. 715, 719 (D.D.C. 1985) (providing limitation on discovery and requiring that all "records and minutes involving confidential business matters" be filed under seal).

In cases brought under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. §80a-35(b), courts in the Seventh and Ninth Circuits have permitted defendants to file under seal the same type of information and documents which APLP seeks to file under seal in the instant action, including information related to profitability, operating costs, employee compensation, and director analysis of investment contracts. *See Jones v. Harris Associates L.P.*, Case No. 1:04-cv-8305, Dkt. No. 155 (N.D. Ill.); *see also In re American Mutual Funds Fees Litigation*, Case No. 2:04-cv-05593-GAF-RNB, Dkt. Nos. 335, 362, 485, 517 (C.D. Cal.) In addition, the SEC has recognized the highly sensitive nature of certain records kept by investment advisers in light of the competitiveness of the mutual fund industry. *See* In re Disclosure Regarding

Approval of Inv. Advisory Contracts, Securities Act Release No. 33-8433, Exchange Act Release No. 34-49909, Investment Company Act Release No. 26486, 2004 WL 1575180 (June 23, 2004) (recognizing that disclosure of cost and profitability information "could have harmful competitive effects on investment advisers" and "clarify[ing] that disclosure of specific proprietary information about the operating costs and profits of the investment adviser and its affiliates is not necessary . . . ." )

## I. THE FULLY CONFIDENTIAL DOCUMENTS

APLP respectfully requests that the Court allow the following Fully Confidential Documents to be filed under seal, all of which are Exhibits to the Declaration of Joseph C. Wylie II (the "Wylie Declaration"):

### 1. Exhibits 26, 34, and 35 to the Wylie Declaration: Profitability Analysis

APLP requests that Exhibits 34 and 35, and pages AP0034054 through AP0034092 of Exhibit 26, to the Wylie Declaration, which consist of detailed profitability analyses provided to the APFI Board in connection with the annual Advisory Agreement review, evaluation and approval process in 2009, 2010 and 2011 (the "Profitability Analyses"), be filed under seal in their entirety. The Profitability Analyses contain detailed and highly confidential current and historical financial and profitability information concerning APLP. (Olsen Decl. ¶ 5) The Profitability Analyses include information on APLP's revenues, profitability, pricing, costs and expenses. (*Id.*) But for its relationship with Artisan Partners Funds, Inc., APLP would not release such highly sensitive information, the disclosure of which to the general public would cause APLP great competitive harm. (*Id.*) APLP shares the Profitability Analyses with the APFI Board in strict confidence. (*Id.*) Such materials maintain their confidential nature, despite the disclosure of such materials by an investment advisor of a fund to the board of the same fund.

*See In re American Mutual Funds Fees Litigation*, Case No. 2:04-cv-05593-GAF-RNB, Dkt. No. 335, 362 (C.D. Cal.) (holding that good cause existed to maintain under seal materials prepared and distributed to the board of directors by the investment adviser). Even within APLP, only limited personnel have access to the Profitability Analyses. (Olsen Decl. ¶ 5)

In addition, APLP has spent many hours over several years customizing the content of the Profitability Analyses. (*Id.*) APLP considers the content of those materials to be highly proprietary, confidential, and a trade secret. (*Id.*) The disclosure of the content of the Profitability Analyses would also cause APLP harm. (*Id.*)

> 2. **Exhibits 24-26 to the Wylie Declaration: Materials Provided to the Funds' Board of Directors in Connection with the Approval of the Advisory Agreements**

APLP requests that Exhibits 24 through 26 to the Wylie Declaration, materials provided to the APFI Board in connection with the annual Advisory Agreement review, evaluation and approval process in 2009, 2010 and 2011 (the "Board Materials"), be maintained under seal in their entirety. The Board Materials contain detailed and highly confidential current, historical, and prospective financial, strategic and operational information concerning APLP. (Olsen Decl. ¶ 6) The Board Materials include non-public information concerning APLP's revenues, profitability, pricing, costs, expenses, as well detailed information about business and investment strategies, including strategy for the development of new funds and fund share classes, and other strategic business information. (*Id.*) But for its relationship with Artisan Partners Funds, Inc., APLP would not release such highly sensitive information, the disclosure of which to the general public would cause APLP great competitive harm. (*Id.*) APLP shares the Board Materials with the APFI Board in strict confidence. (*Id.*) Such materials maintain their confidential nature, despite the disclosure of such materials by an investment advisor of a fund to the board of the

same fund. *See In re American Mutual Funds Fees Litigation*, Case No. 2:04-cv-05593-GAF-RNB, Dkt. No. 335, 362 (C.D. Cal.) (holding that good cause existed to maintain under seal materials prepared and distributed to the board of directors by the investment adviser). Even within APLP, only limited personnel have access to the Board Materials. (Olsen Decl. ¶ 6)

In addition, APLP has spent many hours over several years customizing the content of the Board Materials. (*Id.*) APLP considers the content of those materials to be highly proprietary, trade secret and confidential. (*Id.*) The disclosure of the content of the Board Materials would also cause APLP harm. (*Id.*) In addition, some of these documents contain confidential information about the terms of advisory agreements between APLP and certain separate account clients of APLP. (*Id.*) Because of the manner in which APLP's highly proprietary, confidential and trade secret information is presented in the Board Materials, those materials cannot be redacted in a way that displays any non-confidential information that may be contained in them in any meaningful manner.

### 3. Exhibits 10-23 to the Wylie Declaration: Minutes of the Funds' Board of Directors and Executive Session Minutes

APLP requests that Exhibits 10 through 23 to the Wylie Declaration, Board of Director Meeting Minutes and Independent Director Executive Session Meeting Minutes, be maintained under seal in their entirety. Like the materials provided to the APFI Board, minutes of Board meetings contain extensive summaries of the topics discussed by the Board in connection with the Board Materials, including highly confidential current, historical, and prospective financial, strategic and operational information concerning APLP. (Olsen Decl. ¶ 7) As a result, APLP treats the minutes of APFI Board meetings and meetings of the independent directors as confidential and proprietary information. (*Id.*) APLP and the APFI Board often exchange ideas based on the assumption that their discussions are confidential, and they generally have an

- 8 -
Case 2:11-cv-00873-JPS   Filed 07/16/12   Page 8 of 14   Document 91

expectation that information relating to the APFI Board's governance process will be treated confidentially. (*Id.*) Such confidential treatment enables frank and open discussion between APLP and the APFI Board. (*Id.*) If such information were to be publicly disclosed, it would have a chilling effect on future APFI Board meetings and harm the APFI Board's ability to fulfill its duties and obligations by inhibiting such frank and open discussions. APLP also believes public disclosure would subject APLP to competitive harm because of the confidential financial and strategic information disclosed in the minutes. (*Id.*)

## II. THE PARTIALLY CONFIDENTIAL DOCUMENTS

APLP seeks to file limited portions of the following Partially Confidential Documents under seal:

### 1. Memorandum in Support of Motion for Summary Judgment:

APLP requests that limited portions of the Memorandum which have been submitted in redacted form be maintained under seal. The redacted portions of the Memorandum contain confidential information regarding the profitability of APLP (Mem. at 25) and Plaintiff's purported calculations of economies of scale that are based on data derived from APLP's confidential revenue, cost and expense data (Mem. at 29) This information is considered highly confidential by APLP and the disclosure of these materials would unfairly prejudice APLP in connection with the operation of its business. (Olsen Decl. ¶¶ 3, 5)

### 2. Statement of Undisputed Facts:

APLP requests that the limited portions of the Statement of Undisputed Facts that have been submitted in redacted form be maintained under seal. APLP has redacted only those portions of the document that contain confidential information regarding the profitability of APLP (SUF at ¶58). This information is considered highly confidential by APLP and the

disclosure of these materials would unfairly prejudice APLP in connection with the operation of its business. (Olsen Decl. ¶¶ 3-7)

### 3. Exhibits to the Wylie Declaration

#### a. Exhibit 39 to the Wylie Declaration: Excerpts from Transcript of Deposition of Howard B. Witt

APLP requests that the redacted portions of excerpts from the deposition of Howard B. Witt be maintained under seal. The redacted portions of this deposition transcript discuss the criteria which the APFI Board applied when assessing potential candidates for a vacant position on the Board. Thus, the information pertains to the internal governance process of the APFI Board, and the disclosure may jeopardize future director candidate searches. (Olsen Decl. ¶¶ 7, 9). APLP considers such board governance information to be highly confidential. (*Id.*)

#### b. Exhibit 69 to the Wylie Declaration: Expert Report of James D. Lamb

APLP requests that the redacted portions of the Expert Report of James D. Lamb be maintained under seal. The redacted portions of Mr. Lamb's Report contain confidential information regarding the profitability and revenues of APLP (Wylie Decl. Ex. 69 at 11-12), cost and expenses of APLP, including its compensation structure (*Id.* at 13, 15-17, 27-30) and Mr. Lamb's opinion and analysis as to economies of scale, which is based upon and discloses confidential revenue, cost and expense information of APLP. (*Id.* at 19-24, 25-26) The report also discloses terms of confidential agreements with certain of APLP's separate account clients. (*Id.* at 24, 32-34) The redacted information is considered highly confidential by APLP and the disclosure of these materials would unfairly prejudice APLP in connection with the operation of its business. (Olsen Decl. ¶¶ 3-6, 9)

### c. Exhibits 70 and 71 to the Wylie Declaration: Expert Report and Rebuttal Report of Steve Pomerantz, Ph.D.

APLP requests that the redacted portions of the Expert Report and Rebuttal Report of Steve Pomerantz, Ph.D. be maintained under seal. The redacted portions of his reports contain confidential information regarding the profitability and revenues of APLP (Wylie Decl. Ex. 70 at 11-13; Ex. 71 at 4-5, 8), cost and expenses of APLP, including its compensation structure (Wylie Decl. Ex. 70 at 11-13, 17-18) and Dr. Pomerantz's opinion and analysis as to economies of scale, which is based upon and discloses confidential revenue, cost and expense information of APLP. (Wylie Decl. Ex. 70 at 13-17; Ex. 71 at 8) The report also discloses terms of confidential agreements with certain of APLP's separate account clients. (Wylie Decl. Ex. 70 at 24, 32-34) These materials are considered highly confidential by APLP and the disclosure of these materials would unfairly prejudice APLP in connection with the operation of its business. (Olsen Decl. ¶ 5)

### d. Exhibit 72 to the Wylie Declaration: Expert Report of Russell F. Peppet

APLP requests that the redacted portions of the Expert Report of Russell F. Peppet be maintained under seal. The redacted portions of Mr. Peppet's Report contain confidential information regarding the revenues, profitability, costs and expenses of APLP, including its compensation structure, and the reporting of such information to the APFI Board. (Wylie Decl. Ex. 72 at 4-13, 17-31, Ex. 1-5) This information is considered highly confidential by APLP and the disclosure of these materials would unfairly prejudice APLP in connection with the operation of its business. (Olsen Decl. ¶ 3, 5)

### e. Exhibit 74 of Wylie Declaration: Expert Report of Russell R. Wermers

APLP requests that the redacted portions of the Expert Report of Russell R. Wermers be maintained under seal. The redacted portions of Dr. Wermers' report contain confidential information regarding the profitability and revenues of APLP (Wylie Decl. Ex. 74 at 11-12), confidential financial information reported to the Artisan Funds Board or requested by the Artisan Funds Board (*id.* at 47, 51), and an analysis of Mr. Lamb's and Dr. Pomerantz's opinions as to economies of scale, which are based upon and disclose confidential revenue, cost and expense information of APLP. (*Id.* at 58-63 and Exhibits 20 and 21 thereto) This information is considered highly confidential by APLP and the disclosure of these materials would cause APLP great competitive harm. (Olsen Decl. ¶ 3, 5)

### f. Exhibit 73 to the Wylie Declaration: Expert Report of Marc Van Audenrode, Ph.D.

APLP requests that the redacted portions of the Expert Report of Marc Van Audenrode, Ph.D. be maintained under seal. The redacted portions of the Dr. Van Audenrode's report include an analysis of Mr. Lamb's and Dr. Pomerantz's opinions as to economies of scale, which are based upon and disclose confidential revenue, cost and expense information of APLP. (Wylie Decl. Ex. 73 at 11, 13-14, 16-24, 25-32) The redacted information is considered highly confidential by APLP and the disclosure this information would place APLP at a substantial competitive disadvantage. (Olsen Decl. ¶¶ 3, 5)

### CONCLUSION

APLP has identified and seeks to file under seal only those exhibits and portions of the Statement and Memorandum which contain confidential information, and has made a good faith effort to avoid any excessive or unnecessary redactions. APLP has made every effort to maintain the confidentiality of the documents it now seeks to file under seal, both in APLP's business activities and throughout this case. Allowing the proposed confidential information to be

publicized would undermine APLP's individual efforts and the parties' agreement to maintain the confidentiality of business information in this case. APLP's approach to discovery has been predicated on the understanding that such information would not be filed publicly by either party. As such, APLP respectfully requests that the Court grant its motion to file portions of the Statement, Memorandum and certain exhibits thereto under seal.

Dated: July 16, 2012

Respectfully submitted,

ARTISAN PARTNERS LIMITED PARTNERSHIP

By: /s/ John W. Rotunno
John W. Rotunno (SBN IL/02405342)
john.rotunno@klgates.com
Paul J. Walsen (SBN IL/6226318)
paul.walsen@klgates.com
Joseph C. Wylie II (SBN IL/6270852)
joseph.wylie@klgates.com
Molly K. McGinley (SBN IL/6285809)
molly.mcginley@klgates.com
K&L GATES LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602
Telephone: 312.807.4244
Facsimile: 312.827.1278

Daniel E. Conley (SBN/1009443)
daniel.conley@quarles.com
Joseph O. Wilson (SBN/1052468)
joe.wilson@quarles.com
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414.277.5609
Facsimile: 414.978.8609

*Attorneys for Defendant Artisan Partners Limited Partnership*

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 16, 2012, he caused the foregoing to be served via email transmission to the following counsel of record:

James C. Bradley (SBN SC/16611)
jbradley@rpwb.com
Michael J. Brickman (SBN SC/000874)
mbrickman@rpwb.com
Nina H. Fields (SBN SC/68294)
nfields@rpwb.com
Richardson, Patrick, Westbrook & Brickman, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
Phone: 843-727-6500
Fax: 843-881-6183

Timothy S. Trecek (SBN 1021161)
ttrecek@habush.com
Habush Habush & Rottier SC
777 E. Wisconsin Avenue, Suite 2300
Milwaukee, Wisconsin 53202
Phone: 414-271-0900
Fax: 414-271-6854

Michael D. Woerner (SBN WA/15452)
mwoerner@kellerrohrback.com
Tana Lin (SBN WA/35271)
tlin@kellerrohrback.com
Lynn Lincoln Sarko (SBN 1010823)
lsarko@kellerrohrback.com
Laura R. Gerber (admission pending)
lgerber@kellerrohrback.com
Keller Rohrback, PLC
1201 3rd Avenue, Suite 3200
Seattle, Washington 98101
Phone: 206-623-1900
Fax: 206-623-3384

Guy M. Burns (SBN FL/0160901)
guyb@jpfirm.com
Jonathan S. Coleman (SBN FL/0797480)
jonathanc@jpfirm.com
Johnson, Pope, Bokor, Ruppel & Burns LLP
403 East Madison Street, Suite 400
Tampa, Florida 33602
Phone: 813-225-2500
Fax: 813-223-7118

Diane A Nygaard (admission pending)
diane@nygaardlaw.com
Kenner Schmitt Nygaard, LLC
117 West 20th Street, Suite 201
Kansas City, Missouri 64108
Phone: 816-531-3100
Fax: 816-531-3600

/s/ John W. Rotunno